**Addie May KEITH, Individually and as Independent Executrix of the Estate of M. Boyd Keith, Deceased, Appellant,**

**v.**

**J. B. DALE, Jr., et al., d/b/a Mapsco of Houston, Appellees.**

**No. 12997.**

Court of Civil Appeals of Texas.

Galveston.

June 7, 1956.

Rehearing Denied June 28, 1956.

Storey, Armstrong & Steger and Charles P. Storey and Charles W. Hall, Dallas, for appellant.

Thad Grundy, Houston, for appellees.

HAMBLEN, Chief Justice.

This appeal is from an order overruling a plea of privilege. Appellant, a resident of Dallas County, was sued in her individual capacity, and as independent executrix under the will of M. Boyd Keith, deceased, in the District Court of Harris County. The suit is based upon an alleged breach of a written contract between appellees and the deceased, under the terms of which the latter contracted to manufacture and deliver to appellees certain maps and street guides of the City of Houston in quantities and for prices set forth in the contract. Appellees controverted appellant's plea of privilege, asserting their right to maintain the suit in Harris County under the provisions of Subdivision 5 of Article 1995, Vernon's Ann.Civ.Tex.St.

On appeal, appellees have conceded that the order overruling the plea of privilege is erroneous in so far as it denies the privilege to appellant as a defendant in her individual capacity. The error is attributed to inadvertence of counsel in drafting the order entered. To that extent, the judgment of the trial court is reversed and rendered. In so far as the order of the trial court overrules the plea of privilege of appellant as a defendant in her capacity as independent executrix under the will of M. Boyd Keith, deceased, we have concluded that the judgment is correct and should be affirmed.

The decision of the question depends upon the proper construction to be placed upon the written contract between appellees and appellant's testator. The contract consists of three separate writings. The first, dated December 9, 1953, is designated by the litigants as the "original contract." Examination of its terms discloses a clear and express contract on the part of the deceased, Keith, to perform the obligation, the alleged breach of which gives rise to this litigation, in Houston, Texas. It provides, for instance, that "Keith agrees to deliver to Dale at Houston, Texas * * *." Further pertinent provisions are, "Keith shall pay all costs and expenses with respect thereto before and upon delivery of such products to Dale, at Houston, Texas, including all transportation costs to Houston, Texas," and "Keith will ship Mapsco Map and Guide Books to a bonded warehouse in Houston, Texas." The litigants stipulated that Houston, Texas, is in Harris County. Standing alone, the original contract falls clearly within the exception to exclusive venue in the county of the defendant's residence provided for by Subdivision 5 of Article 1995, V.A.T.S.

The second writing, designated "First Addendum," is dated March 9, 1954. Its only effect is to add an additional party to the contract. It is immaterial to the decision of this appeal.

The third writing, designated "Second Addendum," is dated September 17, 1954. Its terms and provisions, and the effect thereof, are determinative of this appeal.

It consists of five numbered paragraphs. The first four of such paragraphs effect specific amendments in the agreement between the parties, such amendments relating to quantities and prices of the articles contracted for. Paragraph (5) of the second addendum consists of two sentences. Because of its controlling materiality, we quote paragraph (5) in full as follows:

"(5) Unless specifically changed by this second addendum the original contract and first addendum shall remain in full force and effect between the parties Keith and Dale. The performance or enforcement of the rights, duties and obligations of Keith or Dale under the original contract, first addendum, or second addendum shall be performable and payable in Dallas, Dallas County, Texas."

Appellant relies upon the last sentence of paragraph (5), quoted above, in support of her contention that venue of this suit, based upon breach of contract, lies in Dallas County, Texas. Her argument is two-fold. First, she contends that the last sentence of paragraph (5) of the second addendum expressly amends or abrogates those expressions of the original contract providing for delivery in Houston, Texas, and thus casts venue in Dallas County under the general rule. Secondly, she contends that such sentence provides for performance in Dallas County, and thus casts venue in that county under Subdivision 5 of Article 1995, V.A.T.S.

■ If the second sentence of paragraph five of the second addendum stood alone, we would feel compelled to accept the correctness of appellant's contentions. However, such sentence does not stand alone, but is a part of a writing which must be construed in its entirety. We point out that the original contract discloses a clearly expressed intent that delivery of the products contracted for, was to be made in Houston, Texas. This suit is based upon alleged non-delivery. The first four paragraphs of the second addendum to that contract provide for specific changes unrelated to delivery. The first sentence of paragraph (5) of the second addendum provides, "Unless specifically changed by this second addendum the original contract and first addendum shall remain in full force and effect between the parties Keith and Dale." Standing alone, this provision, with equal clarity, discloses an intention that the contract, in so far as delivery is concerned, be performable in Houston, Texas.

■ It is thus apparent that within the expressions of the second addendum there exists an ambiguity as to the intention of the parties, which cannot, in our opinion, be resolved by inspection of the writing alone. Under such circumstances, parol evidence is admissible for the purpose of ascertaining the intention of the parties. On the hearing before the trial court, evidence was offered which, without contradiction, establishes the fact that the only delivery of the merchandise contracted for, which occurred subsequent to the date of the second addendum, was made by appellant's testator, to appellees in Houston, Texas, with costs of transportation paid. This proof of the construction which the parties themselves placed upon their written contract is most cogent evidence of their intent with reference to the second addendum to their contract.

■ This trial was before the court without a jury. No findings of fact were made or requested. It must be presumed that the trial court made such findings as are necessary to support the judgment entered. The proof, to which we have alluded, is sufficient, in our opinion, to support a finding that the contracting parties did not intend, by the execution of the second addendum, to change the express provision of the original contract to the effect that performance, in so far as delivery is concerned, would be in Houston Texas. That finding supports the judgment of the trial court.

As a part of her argument appellant contends that appellees' suit is based not upon non-delivery but upon delivery of inferior articles. The argument is not seriously urged, and we see no merit in it.

In so far as the order of the trial court overrules the plea of privilege of appellant, as a defendant in her capacity as independent executrix under the will of M. Boyd Keith, that judgment is affirmed. It is ordered that the suit against appellant in her individual capacity be transferred to Dallas County.

Affirmed in part and in part reversed and rendered.